Date signed September 23, 2015



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARTHA IKEGWU, | ) | Case No. 14-17367-DER |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION

Before the court for consideration is the Application for Compensation for Counsel for the Debtor and for Reimbursement of Expenses [Docket No. 80] (the "Application") filed on May 14, 2015 by former counsel for the debtor, The Burns LawFirm, LLC (the "Burns Firm"). On May 18, 2015, the Supreme Court handed down its decision in *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015). Notice of the Application was duly given, and no timely opposition was filed.

Because *Harris* raised issues about the court's authority to direct a Chapter 13 trustee to pay the allowed compensation of debtor's counsel after a Chapter 13 case has been dismissed or converted, this court requested *sua sponte* submission of supplemental memoranda addressing the impact, if any, of *Harris* on payment of the compensation sought in the Application. As requested, John D. Burns filed a Memorandum on Fee Application [Docket No. 94] on behalf of

the Burns Firm on July 19, 2015. In addition, the Chapter 13 trustee, Nancy Spencer Grigsby, filed a Memorandum of Law Concerning Counsel's Application for Compensation/Motion to Direct Payment to Debtor's Counsel [Docket No. 96] on July 24, 2015. Both memoranda were helpful in the court's consideration of the important issues raised by *Harris*.

This court recently decided that *Harris* does not preclude payment by a Chapter 13 trustee of the allowed compensation of debtor's counsel in cases that are dismissed (like this one) prior to confirmation of a Chapter 13 plan. *In re Brandon*, ___ B.R. ___, 2015 WL 5330311, at *3 (Bankr. D.Md., Sept. 10, 2015). Thus, the court now turns to consideration of the merits of the Application and the question of the amount of compensation that should be awarded to the Burns Firm.

This court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Rule 402 of the Local Rules of the United States District Court for the District of Maryland. This is a "core proceeding" under 28 U.S.C. § 157(b). This memorandum constitutes the court's findings of fact and conclusions of law.

At the outset of this case, the Burns Firm chose to undertake this case on an hourly basis rather than under one of the presumptively reasonable fee arrangements specified in Paragraph 4 of Appendix F of the Local Bankruptcy Rules. Thus, compensation of debtor's counsel in this case is to be allowed and paid only after the court determines the amount of reasonable compensation under § 329 and § 330 of title 11 of the United States Code (the "Bankruptcy Code").[1]

---

[1] As stated in Appendix F: "Nothing in this Appendix F shall preclude, restrict, or prohibit counsel from entering into fee arrangements different from those arrangements described in Paragraph 4 above. Counsel must file an application for compensation in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Rules of this Court for any fee arrangement that is different from the fee arrangements described in Paragraph 4 above."

Regardless of whether there is a timely objection to such an application, the court must undertake independent review of the application in accordance with § 330 of the Bankruptcy Code.  See, *In re Garrison Liquors, Inc.*, 108 B.R. 561, 565 (Bankr. D. Md. 1989) ("the bankruptcy court is required to determine the amount of fees to be paid, regardless of whether an objection is filed"); 11 U.S.C. § 330(a)(2) ("The court may, on its own motion …, award compensation that is less than the amount of compensation that is requested."); 3 *Collier on Bankruptcy* ¶ 330.03[5][e], p. 330-33 (16th ed. 2015) ("The court has an independent obligation to review all fee applications and evaluate the propriety of the compensation requested.").

Moreover, the burden of demonstrating that fees and expenses were necessary, are reasonable in amount, and should be allowed as an administrative expense rests – like for any professional seeking approval of compensation – on the applicant.  *Pope v. Vu (In re Vu)*, 366 B.R. 511, 521 (D. Md. 2007); *In re Information Network, Inc.*, 465 B.R. 66, 68-69 (Bankr. D. Md. 2011); *In re Bernard Hill, Inc.*, 133 B.R. 61, 69 (Bankr. D. Md. 1991); *Garrison Liquors*, 108 B.R. at 565.

The court undertakes its independent review on a case-by-case basis.  In making its determination, the court considers all relevant factors including those set forth in § 330(a)(3) of the Bankruptcy Code and applies the "lodestar" approach in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which has been adopted by the Fourth Circuit. *Harman v. Robertson,* 772 F.2d 1150, 1152 (4th Cir. 1985) ("the twelve-factor analysis of *Barber* is appropriate to determine attorney's fee awards in bankruptcy"); *Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1981); *Barber v. Kimbrill's, Inc.*, 577 F.2d 216 (4th Cir. 1978) (adopting the twelve-factor approach of *Johnson* for "determination of reasonable attorney's fees in any case where such determination is necessary"), *cert. denied*, 439 U.S. 934 (1978).  *See In re*

*Courtois*, 222 B.R. 491 (Bankr. D. Md. 1998) (applying *Harman* to determine reasonable compensation of debtor's counsel in a Chapter 13 case). *See also*, In re Winston, 2012 WL 527170 (Bankr. D. Md., Feb. 16, 2012).

It has long been recognized in this district that an important factor for the court to consider in assessing the reasonableness of a fee application is the exercise of proper billing judgment. *Bernard Hill,* 133 B.R. at 70. *See also*, *Ferrette & Slater v. United States Trustee (In re Garcia)*, 335 B.R. 717, 724 (B.A.P. 9th Cir. 2005) (holding that courts must consider whether the professional exercised billing judgment in determining whether fees are reasonable). The court also expects a fee application to adhere to the ten "cardinal rules" set forth in *Bernard Hill*. 133 B.R. at 62. Lastly, the fee application must be submitted in substantial conformity with the Compensation Guidelines for Professionals set forth in Appendix D of the Local Bankruptcy Rules. Judged against these standards, I find that the fee requested in the Application should be allowed.

As set forth in the Application, the Burns Firm provided legal services to the debtor over the period from May 2, 2014 to May 10, 2015 that totaled $21,195.50 at its standard hourly rates and incurred expenses of $875.68 for which it seeks reimbursement. By reason of its prepetition retainer and payments made by the debtor postpetition, the Burns Firm now holds $4,949.00 in escrow. In the exercise of billing judgment, the Burns Firm has reduced its fees by 50% of the amount billed. Thus, the Application seeks allowance as reasonable compensation of the sum of $11,472.75 – that is, $10,597.75 in legal fees, plus reimbursement of $875.00 in expenses. Inasmuch as the Burns firm is holding $4,949.00 in escrow, it seeks an order directing the

Chapter 13 trustee to pay the funds remaining in her hands to the Burns Firm up to the amount of the outstanding balance of $6,523.75.[2]

The $11,472.75 amount sought by the Burns Firm exceeds by almost $7,000.00 the highest presumptively reasonable fee provided for under Appendix F of the Local Bankruptcy Rules. This case, however, was far from routine. The debtor is a nurse with a gross annual income of approximately $80,000.00. She is single and has six dependent children who live with her. According to her Schedules of Assets and Liabilities, she owns her residence at 6409 Maple Avenue, Baltimore, Maryland 21207 and owns jointly with her brother a second property at 1925 Hillcrest Road, Baltimore, Maryland 21207. According to her Schedules, there is approximately $75,000.00 in nonexempt equity in the Maple Avenue property. On the other hand, the Hillcrest Road property is worth less than the mortgage debt. Her unsecured liabilities include approximately $40,000.00 in student loan debt.

As explained in the Application, Mr. Burns found representation of the debtor to present many challenges. Ultimately, Mr. Burns filed a Motion for Withdrawal of Appearance of Counsel [Docket No. 69] on behalf of the Burns Firm on March 19, 2015 because the debtor was expressing dissatisfaction with the terms of her proposed amended Chapter 13 plan filed February 23, 2015 [Docket No. 67].[3] At a hearing on April 14, 2015, this court denied confirmation of the amended Chapter 13 plan with leave to amend and granted the request to strike the appearance of counsel. The debtor was not present at the April 14, 2015 hearing, and

---

[2] Based upon the information provided by the Chapter 13 trustee at the April 14, 2015 hearing, the debtor's pre-confirmation payments held by the trustee are not likely to be sufficient to cover the $6,524.43 balance of the Burns Firm's reduced fee.

[3] The Motion for Withdrawal of Appearance indicates that the debtor was threatening to sue the Burns Firm unless the amount of the monthly payment under her Chapter 13 plan was reduced. At the April 14, 2015 hearing, John Burns stated that the debtor's stated intention to sue the Burns Firm continued and was cause for withdrawal of the appearance of the Burns Firm.

did not subsequently retain replacement counsel or file an amended Chapter 13 plan.[4] As a result, this case was dismissed on May 29, 2015.

After careful consideration of the relevant factors, I conclude that the requested compensation of $11,472.75 is reasonable under the particular circumstances of this case. It is clear from the record in this case that the debtor's own actions materially compounded the effort counsel was required to expend in an attempt to bring a confirmable Chapter 13 plan before the court. Mr. Burns was a persistent advocate for the debtor in this case; as late as the hearing on April 14, 2015, he expressed a willingness to continue to assist the debtor, and regret that she had chosen not to appear and assist in the prosecution of her case. While the total fee incurred for legal services of $21,195.50 is without doubt extraordinarily high for even a complex Chapter 13 case, any concerns in that regard are addressed by the equally extraordinary billing judgment of 50% exercised by Mr. Burns – an adjustment that amounted to a reduction of his fee by $10,597.75.

For these reasons, the court will enter a separate order that (i) allows $11,472.75 as reasonable compensation for the Burns Firm in this case, (ii) permits the Burns Firm to apply the $4,949.00 in retainer funds it holds in escrow to partial payment of its allowed compensation, and (iii) directs the Chapter 13 trustee to pay the Burns Firm the remaining funds held by her in an amount up to the outstanding balance of $6,523.75.

cc:    John D. Burns, Esq.
       The Burns LawFirm, LLC
       6303 Ivey Lane, Suite 201
       Greenbelt, Maryland  20770

---

[4] The debtor filed a second Chapter 13 case on July 21, 2015, in which she is represented by different counsel. See, *In re Martha Ikegwu*, Case No. 15-20168-DER.

Nancy Spence Grigsby, Chapter 13 Trustee
4201 Mitchellville Road, Suite 401
Bowie, Maryland  20716

Martha Ikegwu
6409 Maple Avenue
Baltimore, Maryland  21207

Gerard R. Vetter, Assistant Unites States Trustee
Office of the United States Trustee
Garmatz Federal Courthouse, Suite 2625
101 West Lombard Street
Baltimore, Maryland  21201

**-- END OF MEMORANDUM --**